# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIDGEWOOD WATER, *Plaintiff*, v. 3M COMPANY, E.I. DUPONT DE NEMOURS & COMPANY, THE CHEMOURS COMPANY, HONEYWELL INTERNATIONAL INC., TYCO FIRE PRODUCTS LP, CHEMGUARD, INC., BUCKEYE FIRE EQUIPMENT COMPANY, NATIONAL FOAM, INC., AND DOES 1-50, INCLUSIVE, *Defendants*. | Civil Action No. 19-cv-09651<br><br>**MOTION DATE:** June 17, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS TYCO FIRE PRODUCT LP AND CHEMGUARD, INC. TO STAY THIS ACTION PENDING JPML TRANSFER DECISION**

Thomas J. Herten
Nicole G. McDonough
**ARCHER & GREINER P.C.**
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601
201.498.8502
therten@archerlaw.com
nmcdonough@archerlaw.com

*Attorneys for Defendants
Tyco Fire Products LP and Chemguard, Inc.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................. 1
LEGAL ARGUMENT .............................................................................................................. 2
CONCLUSION .......................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Aguilar v. Merck & Co.*,
  2005 WL 8159736 (E.D.N.Y. Nov. 22, 2005) ............................................................................4

*In re Aqueous Film-Forming Foams Products Liability Litigation*,
  MDL No. 2:18-mn-2873-RMG. MDL No. 2873 ...................................................................1, 4

*Ayo v. 3M Company*,
  2018 WL 4781145 (E.D.N.Y. Sept. 30, 2018) ..........................................................................1

*Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*,
  544 F.2d 1207 (3d Cir. 1976) ....................................................................................................2

*Davis v. DePuy Orthopaedics, Inc.*,
  2011 WL 5237563 (D.N.J. Nov. 2, 2011) .................................................................................2

*Eynon v. 3M Company*,
  No. 18-cv-03387 (E.D. Pa.) .......................................................................................................4

*Hertz Corp. v. The Gator Corp.*,
  250 F. Supp. 2d 421 (D.N.J. 2003) ............................................................................................2

*Ivy v. Diamond Shamrock Chem. Co.*,
  901 F.2d 7 (2d Cir. 1990) ..........................................................................................................3

*Packer v. Power Balance, LLC*,
  2011 WL 1099001 (D.N.J. Mar. 22, 2011) ................................................................................2

*Robinson v. DePuy Orthopaedics, Inc.*,
  2012 WL 831650 (W.D. Va. Mar. 6, 2012) ...............................................................................2

*Rovner v. Vonage Holdings Corp.*,
  2007 WL 446658 (D.N.J. Feb. 7, 2007) ....................................................................................2

*Seegott Holdings, Inc. v. Bayer AG*,
  2005 WL 8131922 (D.N.J. May 13, 2005) ................................................................................2

*State of New York v. 3M Company et al.*,
  No. 1:18-cv-01317 (N.D.N.Y.), No. 2:19-cv-01022-RMG (D.S.C.) .........................................4

*Town of East Hampton v. 3M Company et al.*,
  No. 2:19-cv-00642-DRH-AKT, ................................................................................................3

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
    2017 U.S. Dist. LEXIS 66101 (J.P.M.L. May 1, 2017)............................................................3

**Federal Statutes**

28 U.S.C. § 1442................................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Ridgewood Water ("Ridgewood") filed this case in state court, asserting claims based on the alleged presence of perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") (collectively, "PFAS"[1]) in its water supply. Defendants Tyco Fire Products LP and Chemguard, Inc. ("Defendants") removed the action to this Court under the federal officer removal statue, 28 U.S.C. § 1442. The notice of removal alleges that if Ridgewood's water system contains PFAS, the PFAS may have originated in part from the federally-mandated use at Teterboro Airport in Bergen County of aqueous film-forming foam ("AFFF") the companies sold under U.S. military specifications. As another federal court recently has held, those circumstances warrant federal-officer removal. *See Ayo v. 3M Company*, 2018 WL 4781145 (E.D.N.Y. Sept. 30, 2018). Ridgewood has moved to remand this action to state court (ECF No. 5), and Defendants have separately filed a memorandum in opposition to that motion.

Shortly after Defendants filed their notice of removal, the Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order transferring this case to the District of South Carolina to join dozens of similar cases already centralized there before Judge Richard M. Gergel in the multidistrict litigation captioned *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873-RMG. MDL No. 2873 (ECF No. 404). In addition to filing its motion to remand, Ridgewood has moved before the JPML to vacate the conditional transfer order. *See id.* (ECF No. 429). This Court should stay this action—including disposition of Ridgewood's motion to remand—until the JPML has ruled on Ridgewood's motion to vacate the conditional transfer order. If the JPML grants the latter motion, the case will remain in this

---

[1] "PFAS" stands for "per- and polyfluoroalkyl substances." The category of PFAS includes hundreds of chemicals in addition to PFOA and PFOS, but we follow Ridgewood's lead in using "PFAS" as a collective term to include either or both of those two compounds.

Court, which can then decide the question of remand in due course. If the JPML denies the motion to vacate—as it has with regard to similar cases—this case will become part of the MDL, and Judge Gergel can and will address Ridgewood's arguments for remand. Such a stay will be brief, as the JPML is expected to rule on Ridgewood's motion to vacate at its July 25, 2019 hearing setting, and Ridgewood will suffer no prejudice from it.

## LEGAL ARGUMENT

The Court should stay this action until the JPML decides whether to transfer the case to the pending AFFF MDL. A district court has "broad power to stay proceedings." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). "Stays of a civil action are common when the issue of transfer is before the JPML." *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011). Courts in this District routinely exercise their discretionary power to stay proceedings in that circumstance. *See, e.g.*, *Packer*, 2011 WL 1099001, at *1; *Davis v. DePuy Orthopaedics, Inc.*, 2011 WL 5237563, at *1 (D.N.J. Nov. 2, 2011); *Seegott Holdings, Inc. v. Bayer AG*, 2005 WL 8131922, at *1 (D.N.J. May 13, 2005); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003).

Courts can and do stay proceedings pending a JPML decision on transfer even when a party challenges federal jurisdiction. "[T]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [MDL Panel] has transferred the case." *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) (citation omitted); *see also Davis*, 2011 WL 5237563, at *2 (rejecting Plaintiff's opposition to stay based, in part, on pendency of motion to remand; "Should the MDL Panel order the transfer of the action to [the MDL], Plaintiff's jurisdictional challenge will be heard by the District Court . . . ."); *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *1 (D.N.J. Feb. 7, 2007) (in MDL in this District, MDL judge resolved plaintiff's motion to remand that had been filed in transferor court before

2

transfer).  This approach affords "real economies" in situations where the same jurisdictional issue is likely to arise in other cases that are or may become part of the MDL.  "Once transferred, the jurisdictional objections can be heard and resolved by a single court . . . .  Consistency as well as economy is thus served."  *Ivy v. Diamond Shamrock Chem. Co.*, 901 F.2d 7, 9 (2d Cir. 1990); *see also In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 66101, at *2 (J.P.M.L. May 1, 2017) ("The [JPML] often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present arguments regarding those issues to the transferee judge.").  Recognizing the judicial economies in this approach, the Eastern District of New York recently deferred consideration of a motion to remand another AFFF case pending a transfer decision by the JPML.  *See* Ex. A, at 6 (Order dated February 22, 2019 on docket in *Town of East Hampton v. 3M Company et al.*, No. 2:19-cv-00642-DRH-AKT, stating that the Town's application to file a motion to remand "is deferred until the issue of transfer has been resolved").

Such a stay is similarly warranted here.  The JPML created the MDL because the AFFF cases share certain factual questions and because "centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."  MDL No. 2873 (Dkt. No. 239, at 3).  One of the common factual questions the JPML identified is specifically implicated by Ridgewood's motion to remand and its accompanying expert declaration—"the chemical properties of [PFOA and PFOS] and their propensity to migrate in groundwater supplies."  *See id.*  Also among the identified common factual questions are those likely to arise "because the AFFF manufacturers likely will assert identical government contractor defenses in many of the actions."  *Id.*  As Ridgewood notes, in connection with its motion to remand, Defendants' removal under the federal officer statute is based on their assertion of the government contractor defense as to sales of AFFF made under military specifications. ECF No. 5-1 at 3.

3

Numerous other cases now in the MDL were removed from state court on that basis; there will likely be others. There are at least two cases before the MDL court in which a challenge to federal officer removal is fully or nearly fully briefed. *See Eynon v. 3M Company*, No. 18-cv-03387 (E.D. Pa.); *State of New York v. 3M Company et al.*, No. 1:18-cv-01317 (N.D.N.Y.), No. 2:19-cv-01022-RMG (D.S.C.). The pendency of similar motions in the MDL counsels in favor of deferring consideration here. *See Aguilar v. Merck & Co.*, 2005 WL 8159736, at *2 (E.D.N.Y. Nov. 22, 2005) (refusing to consider a remand motion because the JPML had already transferred cases with pending remand motions).

Where, as here, newly filed and removed cases are the subject of contested conditional transfer orders, there are obvious efficiencies in allowing the MDL transfer process to play out before the JPML and, if transfer occurs, allowing the MDL court to decide all motions to remand that implicate common factual questions and defenses. Having the issue be decided before transfer by the various federal courts to which the cases were originally removed is inefficient and creates the risk of inconsistent determinations.

The requested stay will be brief and will work no prejudice on Ridgewood even if the JPML ultimately decides not to transfer this case to the MDL. The JPML issued the conditional transfer order for this action on April 17, 2019. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (Dkt. 404). Ridgewood filed its motion to vacate the order on May 8, 2019. *Id.* (Dkt. 429). Defendants' response is due on May 29, 2019, and any reply will be due on June 5, 2019. *Id.* (Dkt. 415). Briefing will thus be completed before the JPML's next scheduled hearing on July 25, 2019, and it is virtually certain that the JPML will resolve Ridgewood's motion to vacate at that hearing. In other words, the duration of the stay is likely to be only around two months.

## **CONCLUSION**

For the reasons stated, the Court should stay this action until the JPML rules on whether the case will be transferred to the AFFF MDL.

Dated: May 20, 2019                                    Respectfully submitted,

*/s/ Thomas J. Herten*
Thomas J. Herten, Esq.
Nicole G. McDonough, Esq.
**ARCHER & GREINER P.C.**
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601
201.498.8502
therten@archerlaw.com
nmcdonough@archerlaw.com

*Attorneys for Defendants*
*Tyco Fire Products LP and Chemguard, Inc.*

216461534v1