**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

RIDGEWOOD WATER,

        *Plaintiff,*

    v.

3M COMPANY, E.I. DUPONT DE
NEMOURS & COMPANY, THE
CHEMOURS COMPANY, HONEYWELL
INTERNATIONAL INC., TYCO FIRE
PRODUCTS LP, CHEMGUARD, INC.,
BUCKEYE FIRE EQUIPMENT COMPANY,
NATIONAL FOAM, INC., AND DOES 1-50,
INCLUSIVE,

        *Defendants.*

Civil Action No. 19-cv-09651

Motion Date:  June 17, 2019

**ORAL ARGUMENT REQUESTED**

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF**
**DEFENDANTS TYCO FIRE PRODUCT LP AND CHEMGUARD, INC.**
**TO STAY THIS ACTION PENDING JPML TRANSFER DECISION**

---

Thomas J. Herten
Nicole G. McDonough
**ARCHER & GREINER P.C.**
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601
201.498.8502
therten@archerlaw.com
nmcdonough@archerlaw.com

*Attorneys for Defendants*
*Tyco Fire Products LP and Chemguard, Inc.*

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT.............................................................................................................. 2

      I.     The *Meyers* Approach is Not Required in this Case, and the Balance of
            Interests Warrants a Stay. ...................................................................................... 2

      II.    Even Under *Meyers*, the Court Should Grant the Stay. ........................................ 3

CONCLUSION........................................................................................................................ 6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Davis v. DePuy Orthopaedics, Inc.*,
   2011 WL 5237563 (D.N.J. Nov. 2, 2011) ...........................................................2, 3

*Jones v. Bristol-Myers Squibb Co.*,
   2013 WL 3388659 (N.D. Cal. July 8, 2013)...........................................................2

*Pennsylvania ex rel. Kane v. McGraw-Hill Cos., Inc.*,
   2013 WL 1397434 (M.D. Pa. Apr. 5, 2013) ........................................................3, 4

*Meyers v. Bayer AG*,
   143 F. Supp. 2d 1044 (E.D. Wis. 2001)......................................................... *passim*

*O'Connell v. Foster Wheeler Energy Corp.*,
   544 F. Supp. 2d 51 (D. Mass. 2008) ......................................................................4

*Packer v. Power Balance, LLC*,
   2011 WL 1099001 (D.N.J. Mar. 22, 2011)...........................................................1, 3

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) .......................................................................2

*Rosa v. Resolution Tr. Corp.*,
   938 F.2d 383 (3d Cir. 1991)...................................................................................4

*Torres v. Johnson & Johnson*,
   2014 WL 6910478 (D.N.M. Sept. 16, 2014) ..........................................................2

*Town of East Hampton v. 3M Company, et al.*,
   E.D.N.Y. Civil Action No. 2:19-00642 .................................................................5, 6

## PRELIMINARY STATEMENT

Consistent with the approach of courts in this Circuit and elsewhere, this Court should stay this action briefly until the JPML decides whether to transfer the case to the pending AFFF MDL. As noted in Defendants' opening brief, "[s]tays of a civil action are common when the issue of transfer is before the JPML," *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011), and courts routinely exercise their discretionary power to stay proceedings even when there is a pending challenge to federal jurisdiction, *see* Defs.' Memo. (ECF No. 18-1) at 2–3. Regardless of whether the Court analyzes Defendants' motion using this approach or under the more elaborate framework set out in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), the Court should grant a stay and not address Ridgewood's motion to remand unless the JPML declines to transfer the case to the MDL.

There are obvious efficiencies in allowing the MDL transfer process to play out before the JPML and, if transfer occurs, allowing the MDL court to decide all motions to remand that implicate common factual questions and defenses. For example, just last week the JPML denied a motion to vacate a conditional transfer order filed by a plaintiff public water provider that—like Ridgewood—did not identify in its complaint MilSpec AFFF as a potential source of contamination. The JPML did so notwithstanding the provider's argument that because it did not allege its injuries were caused by MilSpec AFFF, federal officer removal was improper and remand to state court is required. Importantly, Ridgewood's own motion to vacate the conditional transfer order, which raises many of the same points Ridgewood has raised before this Court, has now been fully briefed and is ripe for consideration by the JPML. A stay of the instant action will therefore be brief, and Ridgewood will suffer no prejudice from it.

1

## LEGAL ARGUMENT

I.      **The *Meyers* Approach is Not Required in this Case, and the Balance of Interests Warrants a Stay.**

Contrary to Ridgewood's assertion, courts in this Circuit and around the country do not consistently employ the framework created by the Eastern District of Wisconsin in *Meyers* for analyzing motions to stay where both a motion to remand and JPML decision on transfer are pending.   Although some district courts have employed the *Meyers* approach, others have expressly refused to adopt it.  *See, e.g.*, *Jones v. Bristol-Myers Squibb Co.*, 2013 WL 3388659, at *4 (N.D. Cal. July 8, 2013) (declining to apply *Meyers* because "the Ninth Circuit Court of Appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings" and "judges in the Northern District have made clear that courts are *not* bound to preliminarily consider the merits of a remand motion before considering a motion to stay" (internal quotation marks omitted)); *see also Torres v. Johnson & Johnson*, 2014 WL 6910478, at *2 (D.N.M. Sept. 16, 2014) ("[M]ore judges in this district apply the *Rivers* factors [a balancing test for motions to stay generally, *see Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997)] in deciding whether to grant a stay pending transfer to an MDL court than apply the *Meyers* approach.").

The Third Circuit has not suggested that trial courts must assess the merits of a motion to remand before deciding whether to stay proceedings pending action by the JPML.  And at least one court in this District has considered a motion to stay pending action by the JPML—even with a motion to remand also pending—*without* applying *Meyers*.  *See Davis v. DePuy Orthopaedics, Inc.*, 2011 WL 5237563, at *1 (D.N.J. Nov. 2, 2011).  Thus, contrary to Ridgewood's claim, the Court is not required to consider the jurisdictional issues addressed in Ridgewood's motion to remand prior to deciding the instant motion to stay.

2

A brief stay is warranted here.  In considering whether to stay proceedings pending an MDL transfer, courts consider interests such as "(1) the efficient and consistent adjudication of common issues, (2) the hardship to the moving party should the case proceed before the current Court, and (3) the potential prejudice to the non-moving party from the delay occasioned by the stay."  *Id.* (citing *Packer*, 2011 WL 1099001, at *1).  All three interests weigh in favor of a stay in this case.

As noted above, a stay pending a transfer decision by the JPML would help ensure efficiency and consistency—particularly given that the JPML has already considered and rejected arguments against transfer to the MDL based on similar jurisdictional challenges.  And if transfer occurs, there are obvious efficiencies in allowing the MDL court to decide all motions to remand that implicate common factual questions and defenses.  A stay would also ensure that Defendants do not suffer undue hardship and continued duplication of resources in litigating similar issues before this Court, the JPML, and the MDL court.  Further, the requested stay will be brief and will work no prejudice on Ridgewood even if the JPML ultimately decides not to transfer this case to the MDL.  Ridgewood's motion to vacate has now been fully briefed and is ripe for consideration by the JPML, and it is expected that the JPML will consider the motion at its July 25, 2019 hearing setting, which is less than seven weeks from the date of this filing.  If the JPML grants the motion, the case will remain in this Court and the question of remand can be decided in due course.

## II.     Even Under *Meyers*, the Court Should Grant the Stay.

Even if the Court were to apply the *Meyers* approach in this case, that analysis demonstrates the Court should consider and grant Defendants' motion to stay.  *First*, a "preliminary assessment" of the merits of Ridgewood's remand motion reveals that removal was not "clearly improper."  *See Pennsylvania ex rel. Kane v. McGraw-Hill Cos., Inc.*, 2013 WL 1397434, at *3 (M.D. Pa. Apr. 5, 2013); *Meyers*, 143 F. Supp. 2d at 1049.  Importantly, "[i]n the preliminary assessment of

jurisdiction, courts should distinguish between easily determinable procedural issues and complex substantive issues." *Pennsylvania ex rel. Kane*, 2013 WL 1397434, at *3. Here, as explained in Defendants' Opposition to Ridgewood's Motion to Remand (ECF No. 19) ("Opp'n to Remand"), it is plausible that PFAS contained in MilSpec AFFF used at the Teterboro Airport has affected Ridgewood's water supply, thereby providing Defendants with a federal defense to a portion of Ridgewood's claims.  *See* Opp'n to Remand at 8–13.  Ridgewood's motion to remand and Defendants' opposition raise complex legal and factual issues concerning the federal officer removal statute and the migration of groundwater in and around Ridgewood.  Those issues are bound up with the merits of the case and should not be summarily decided at the outset of the action.

Also, contrary to Ridgewood's assertion, its Complaint did not contain an effective disclaimer of any claim based on the use of MilSpec AFFF such that Defendants' removal could be deemed "clearly improper."  The allegations that Ridgewood highlights from Paragraphs 68 and 69 of the Complaint merely contain a report on the status of Ridgewood's factual investigation and knowledge as of the date of the Complaint.  *See* Opp'n to Remand at 12–13.  Ridgewood's statement that it could not "identify any military or federally-regulated airport as a source of" contamination at the time the Complaint was filed, Compl. ¶ 68, is not an "explicit disclaimer" of legal claims arising from the use of MilSpec AFFF that may have contributed to the alleged contamination of Ridgewood's water supply.  Courts have held that even far more definite purported waivers of claims implicating federal involvement are not enough to preclude removal under the federal officer statute.  *See, e.g.*, *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 54 n.6 (D. Mass. 2008).  Because subject matter jurisdiction is tested at the time of removal, *Rosa v. Resolution Tr. Corp.*, 938 F.2d 383, 392 n.12 (3d Cir. 1991), Ridgewood's

4

purported post-removal disclaimer in its motion to remand is irrelevant.  Defendants' removal of this action was not improper.

*Second*, "similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."  *Meyers*, 143 F. Supp. 2d at 1049.  As discussed in Defendants' initial brief, other cases already transferred to the MDL involve issues such as "the chemical properties of [PFOA and PFOS] and their propensity to migrate in groundwater supplies," as well as challenges to removal under the federal officer statute and Defendant's government contractor defense.  *See* Defs.' Memo. at 3–4.

And importantly, the JPML just last week denied a motion to vacate a conditional transfer order that raised arguments very similar to Ridgewood's regarding the supposedly speculative basis for federal officer removal.  In *Town of East Hampton v. 3M Company, et al.*, E.D.N.Y. Civil Action No. 2:19-00642, the Town in its Complaint, like Ridgewood here, did not identify MilSpec AFFF as an alleged source of contamination but, instead, focused on local firefighters' use of non-MilSpec AFFF along with PFOA and PFOS contamination from non-AFFF sources.  *See* MDL No. 2873 (Dkt. No. 345-23).  But defendants alleged in their notice of removal that MilSpec AFFF accounted for at least some of the contamination at issue.  In the Eastern District of New York, the Town contested defendants' allegation, arguing that removal was improper because "there is no evidence that MilSpec AFFF contributed to the contamination" and that "[f]ederal government land, operations, or use of AFFF (MilSpec or commercial) is not at issue,"  Ex. 1 (Town's Letter to E.D.N.Y) at 2–3, and the district court "deferred" ruling on the Town's motion to remand until after the JPML resolved the transfer issue, *see* Ex. 2 (*Town of East Hampton* Docket Report).  In opposing the JPML's conditional transfer order for the case, the Town similarly asserted that "federal subject matter jurisdiction over its action is lacking" and that remand should be decided

by the Eastern District of New York.  Ex. 3 (Transfer Order, MDL No. 2873 (Dkt. No. 446)) at 2.  The JPML rejected the Town's position, finding that the Town's jurisdictional arguments "[did] not present an impediment to transfer" as "Plaintiff can present its remand arguments to the transferee judge."  *Id.* at 2–3.

Because this case presents issues similar to those raised in *Town of East Hampton*[1] and other cases that have been or may be transferred to the MDL, the Court should reach the merits of Defendants' motion even under the *Meyers* framework.

## CONCLUSION

For the reasons stated above, as well as those stated in Defendants' initial brief, the Court should grant Defendants' motion to stay.


Dated: June 10, 2019                                        Respectfully submitted,

                                                            */s/ Thomas J. Herten*
                                                            Thomas J. Herten, Esq.
                                                            Nicole G. McDonough, Esq.
                                                            **ARCHER & GREINER P.C.**
                                                            Court Plaza South, West Wing
                                                            21 Main Street, Suite 353
                                                            Hackensack, NJ 07601
                                                            201.498.8502
                                                            therten@archerlaw.com
                                                            nmcdonough@archerlaw.com

                                                            *Attorneys for Defendants*
                                                            *Tyco Fire Products LP and Chemguard, Inc.*

216584241v1

---

[1]  Ridgewood concedes in its briefing to the JPML that its arguments against transfer are similar to those raised by the Town of East Hampton.  *See* MDL No. 2873 (Dkt. No. 447, at 7 n.1) ("At least one plaintiff has raised arguments similar to Ridgewood's in opposition to consolidation: that their PFAS injuries were not caused by MilSpec AFFF, the product that drove consolidation into the MDL, and as such individual facts will predominate over common fact issues.").

# EXHIBIT 1

# RIGANO LLC *Attorneys at Law*

538 Broad Hollow Road, Suite 301
Melville, New York 11747
tel: 631.756.5900  |fax: 631.756.0008
www.riganollc.com

February 11, 2019

**VIA ECF AND HAND DELIVERY**
The Honorable Denis R. Hurley
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re:   *Town of East Hampton. v. 3M Company et al.,* Case No: 19-00642 (DRH-AKT)

Dear Judge Hurley:

This firm is counsel to Plaintiff Town of East Hampton (the "Town"). Town respectfully seeks leave in accordance with Rule 3.B of Your Honor's Rules to file a motion to remand this action pursuant to 28 U.S.C. § 1447(c) to the New York State Supreme Court County of Suffolk ("NYS Suffolk Supreme"). Subject matter jurisdiction does not exist in Federal Court. Town respectfully requests entry of an expedited briefing schedule as this action is subject to a "tag along" designation by the Judicial Panel ("Panel") on Multi District Litigation ("MDL").[1] *See In re Prudential Ins. Co. of Am. Sales Practice Litigation*, 170 F.Supp. 2d 1346, 1347-48 (J.P.M.L. 2001) (a transferor court's opportunity to rule on a motion to remand is afforded by the three to four month lag from "tag along" designation by a party to final transfer order entered by the Panel.).

## I.   The Complaint

On December 28, 2018, Town filed the Complaint in NYS Suffolk Supreme against nineteen (19) defendants. As alleged in the Complaint, certain products including Scotchgard, Teflon, and aqueous film-forming foam ("AFFF") contain or degrade to perfluorooctanoic acid ("PFOA") and/or perfluorooctanesulfonic acid ("PFOS"). *See* Complaint, ¶¶ 180-181. PFOA and

---

[1]    PFOS and PFOA have been detected in the subsurface at unacceptable levels by numerous Long Island municipalities, including the Town, Town of Riverhead in Calverton, Town of Southampton, Village of Farmingdale, Town of Islip, Village of Garden City, and Town of Brookhaven with the likely scenario of many more Long Island municipalities to follow. Long Island appears to be the unfortunate capital for PFOS and PFOA detections due to the combination of its unique subsurface geology, sole source aquifer, wide-spread use of cesspools by residents and abundance of airports. Town submits as a matter of due process and fairness, its motion to remand should be heard by this Court.

Removing Defendants (defined below) seek to have this highly localized case with apparent diffuse sources of contamination transferred to the United States District Court for South Carolina where a MDL involving only AFFF (defined below) is pending. *See In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873, Dkt. No. 274. On February 1, 2019, Removing Defendants designated this case as a "tag along" action. *See id.* On February 5, 2019, the Clerk for the Panel entered a Conditional Transfer Order ("CTO"). *See id.* at Dkt. No. 275. The CTO is generally entered by the Clerk of the Panel as a matter of course after a parties' noticed designation. *See* MDL Rule 7.1 (available at https://www.jpml.uscourts.gov/sites/jpml/files/Panel%20Rules-Index_%20Copy-Effective-10-4-2016-Index-Update-10-2-2018.pdf). Upon an opposition to the CTO being filed, the Panel sets a briefing schedule to consider designation of a case as a "tag along" action. *See* MDL Rule 7.1. Town will oppose the "tag along" designation. Town respectfully submits that its instant motion to remand should be heard prior to the Panel considering the "tag along" designation because subject matter jurisdiction is a threshold issue.

PFOS are manmade chemicals that are highly toxic, bioaccumulative, biopersistent, do not exist naturally, and easily migrate to groundwater upon being released into the environment. *See* Complaint, ¶¶ 58-112. New York State has recently listed PFOA and PFOS as hazardous substances. *See* Complaint, ¶ 88. Town sits on Long Island's sole source aquifer meaning the groundwater "is the sole or principal drinking water source for the area [ ] which, if contaminated, would create a significant hazard to public health." 42 U.S.C.§ 300h-3(e); 43 F.R. 26611.

PFOA and PFOS have been introduced into the Town's aquifer by, *inter alia*: (i) wastewater directed to cesspools of individual residents as a result of normal household washing of garments containing Scotchgard and cookware containing Teflon, and (ii) use of AFFF, which is used to fight fires involving flammable liquids, by local fire departments at the Town of East Hampton Airport (the "Airport"), a neighboring firefighting training facility, and a neighboring sand pit where firefighting training occurred. *See* Complaint, ¶¶ 167-216.

Several of the Town's residents live downgradient - *i.e.* in the direction of groundwater flow - from the Airport, the firefighting training facility and the sand pit. *See* Complaint, ¶¶ 167-179. PFOA and PFOS have been detected at unacceptable levels in the residents' private drinking water wells, which supply drinking water to taps in residences. *See id.* Immediately, the Town supplied bottled water to residents and paid to extend the public drinking water line administered by the Suffolk County Water Authority to ensure Town residents are provided with clean drinking water. *See* Complaint, ¶¶ 217-230. The Town's expected costs are in excess of $24 million. *See* Complaint, ¶ 225. Town seeks damages and injunctive relief against nineteen (19) defendants including local entities and various manufacturers. The Town's causes of action are based on, *inter alia*, its Town Code and common law tort. *See* Complaint, ¶¶ 237-330.

## II.    The Improper Notice of Removal

Tyco and Chemguard ("Removing Defendants"), two AFFF manufacturers, removed this action to this Court pursuant to 28 U.S.C. § 1442, *i.e.* "federal officer" jurisdiction. Removing Defendants argue that subject matter jurisdiction is proper solely because they designed "MilSpec AFFF" under federal government oversight. *See* Notice of Removal, ¶¶ 18-36. Removing Defendants cannot sustain their burden as the federal government did not use the AFFF at issue and there is no evidence that MilSpec AFFF contributed to the contamination; instead, it appears that commercial AFFF, a stock product, did. Subject matter jurisdiction does not exist pursuant to § 1442. This case should be remanded.

## III.    Removing Defendants Cannot Satisfy Their Burden

"A defendant other than the United States or a federal agency or officer must satisfy three elements to effect removal under [§ 1442]: (1) it must show that it is a person within the meaning of the statute; (2) it must establish that it was acting under a federal officer, which subsumes the existence of a causal connection between the charged conduct and asserted official authority; and (3) it must raise a colorable federal defense." *Ayo v. 3M Company*, No. 18-CV-0373, 2018 WL 4781145, *21 (E.D.N.Y. Sept. 30, 2018) (Seybert, J.) (citations omitted). Removing Defendants assert the government contractor defense as their "colorable federal defense."

"Critical under the statute is to what extent defendants acted under federal direction at the time they were engaged in conduct now being sued upon." *Id.* at *22-23. "The Second Circuit found that the statute's causation requirement was met because the defendants' production of the toxic chemical dioxin 'occurred <u>because of</u> what they were asked to do by the Government.'" *Id.* at *25 (emphasis in original) (citing *Isaacson v. Dow Chemical Co*, 517 F.3d 129, 137-38 (2d Cir. 2008)). Further "Defendants asserting the defense must demonstrate that the government made a discretionary determination about the material it obtained that relates to the defective design feature at issue." *In re Agent Orange*, 517 F.3d 76, 90 (2d Cir. 2008).

Here, there is no federal government involvement. Federal government land, operations, or use of AFFF (MilSpec or commercial) is not at issue. The AFFF at issue was purchased, stored and used by local fire departments.[2] *See* Complaint, ¶¶ 30-40. Accordingly, there is no subject matter jurisdiction as a matter of law. *See Agent Orange*, 517 F.3d at 90.

Further, Removing Defendants have provided no evidence that MilSpec AFFF was used or contributed to the contamination.[3] Instead, Town understands that commercial AFFF was used. Commercial AFFF, a stock product, consists of a different formula than MilSpec AFFF and was designed without federal government involvement. *See Ayo*, 2018 WL 4781145 *at* *10, 38-39 ("Essentially all AFFF procured in the U.S. is specified to conform to either a foam standard of Underwriters Laboratory (UL) or a more stringent military specification (MilSpec). Generally speaking, MilSpec AFFFs contain more fluorosurfactant and more fluorine than UL agents.").

In no circumstance can Removing Defendants establish that they were "acting under" a federal officer, that there is a causal link between federal involvement and the damages at issue, or that the government contractor defense is viable. The contamination here was not caused by the federal government and appears to have been entirely caused by privately developed products (*e.g.*, Scotchgard, Teflon, and commercial AFFF) manufactured by non-governmental entities and sold to/used by parties unaffiliated with the federal government. That does not trigger federal officer jurisdiction. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 509 (1988); *In re Agent Orange*, 304 F. Supp. 2d 404, 434 (E.D.N.Y. 2004).

Subject matter jurisdiction does not exist in federal court. The Town respectfully requests authorization to file a motion to remand this case to NYS Suffolk Supreme where subject matter jurisdiction is proper. Town will seek costs and attorneys' fees pursuant to § 1447(c).

Respectfully submitted,

*Nicholas C. Rigano*

Nicholas C. Rigano

cc: Counsel of record (via ECF)

---

[2]     Removing Defendants primarily rely on *Ayo* where Judge Seybert found Removing Defendants to have satisfied their burden under § 1442. In *Ayo*, unlike here, the United States Airforce caused the contamination by use of MilSpec AFFF at Gabreski Air National Guard Base. *See Ayo*, 2018 WL 4781145 at *5-9, 26-28. Here, there is no allegation that the federal government contributed to the contamination at issue.

[3]     Removing Defendants, in a misleading manner, argue that Part 139 Airports are required to use MilSpec AFFF. *See* Notice of Removal, ¶¶ 21-23. The Town of East Hampton Airport, however, is not a Part 139 Airport. As discussed herein, no evidence has been presented that MilSpec AFFF was purchased, stored, or used at the Airport.

# EXHIBIT 2

Query      Reports      Utilities      Help      Log Out

CLOSED,ACO,TransferredOutCase-DoNotDocket

# U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00642-DRH-AKT

Town of East Hampton v. 3M Company et al                     Date Filed: 02/01/2019
Assigned to: Judge Denis R. Hurley                           Date Terminated: 06/06/2019
Referred to: Magistrate Judge A. Kathleen Tomlinson          Jury Demand: Both
Case in other court: Supreme Court of the State of NY, Cnty   Nature of Suit: 245 Tort Product
                     of Suffolk, 625415/2018                 Liability
Cause: 28:1442 Notice of Removal                             Jurisdiction: Federal Question

**Plaintiff**

**Town of East Hampton**                  represented by  **James P. Rigano**
                                                          Rigano LLC
                                                          538 Broad Hollow Road, Suite 217
                                                          Melville, NY 11747
                                                          631-756-5900
                                                          Fax: 631-756-0025
                                                          Email: jrigano@riganollc.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Nicholas Charles Rigano**
                                                          Rigano LLC
                                                          538 Broad Hollow Road
                                                          Suite 301
                                                          Melville, NY 11747
                                                          631-756-5900
                                                          Email: nrigano@riganollc.com
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**
*formerly known as*
Minnesota Mining and Manufacturing
Co.

**Defendant**

**Tyco Fire Products L.P.**                represented by  **Douglas E. Fleming**
*Successor-In-Interest to the Ansul*                       Dechert LLP
*Company*                                                 1095 Avenue of the Americas

New York, NY 10036
212-698-3500
Fax: 212-698-3599
Email: douglas.fleming@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buckeye Fire Equipment Company**          represented by **Ellen N. Corbo**
Taylor Colicchio LLP
100 Canal Pointe Boulevard
Suite 125
Princeton, NJ 08540
609-987-0022
Fax: 609-987-0070
Email: ecorbo@tcslawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chemguard, Inc.**          represented by **Douglas E. Fleming**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Technologies Corporation**

**Defendant**

**Kidde PLC Inc.**

**Defendant**

**Kidde Fire Fighting, Inc.**

**Defendant**

**Angus International Safety Group, Ltd.**

**Defendant**

**Angus Fire Armour Corporation**

**Defendant**

**National Foam Inc.**

**Defendant**

represented by

| E.I. Du Pont De Nemours and Company | | **William Edward Vita** |
|---|---|---|
| | | Westerman Ball Ederer Miller & Sharfstein, LLP |
| | | 1201 RXR Plaza |
| | | Uniondale, NY 11556 |
| | | 516-622-9200 |
| | | Fax: 516-622-9212 |
| | | Email: wvita@westermanllp.com |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| The Chemours Company | represented by | **William Edward Vita** |
|---|---|---|
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**Dowdupont Inc.**

**Defendant**

| Incorporated Village of East Hampton | represented by | **Lauren Rachel Turkel** |
|---|---|---|
| *doing business as* | | Marshall Conway & Bradley |
| East Hampton Fire Department | | 45 Broadway |
| | | Suite 740 |
| | | New York, NY 10006 |
| | | 212-964-2638 |
| | | Fax: 212-962-2647 |
| | | Email: lturkel@mcwpc.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | **Michael S. Gollub** |
| | | Marshall Conway Bradley |
| | | 45 Broadway |
| | | Ste 740 |
| | | New York,, Ny |
| | | Ny, NY 10021 |
| | | 212-619-5436 |
| | | Fax: 212-962-2647 |
| | | Email: mgollub@mcwpc.com |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| Bridgehampton Volunteer Fire District | represented by | **Timothy E. Corriston** |
|---|---|---|
| *also known as* | | Connell Foley |
| Bridgehampton Volunteer Fire Department | | 56 Livingston Avenue |
| *also known as* | | Roseland, NJ 07068 |
| Bridgehampton Fire District | | 973-535-0500 |
| | | Fax: 973-535-9217 |
| | | Email: tcorriston@connellfoley.com |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wainscott Hamlet Center LLC**

**Defendant**

**Wainscott Industrial LLC**

**Defendant**

**Wainscott Commercial Center LLC**

**Defendant**

**Hedges Row LLC**

**Defendant**

**John Doe "1" Through "100"**

**Defendant**

**Jane Doe "1" Through "100"**

**Defendant**

**John Doe Corporations "1" Through "100"**

**Defendant**

**Other John Doe Entities "1" Through "100"**

**Unable to create PDF file.**

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 02/01/2019 | 1 | ☐ | NOTICE OF REMOVAL by Chemguard, Inc., Tyco Fire Products L.P. from Supreme Court for the State of New York, County of Suffolk, case number 625415/2018 . (Filing fee $400 receipt number ANYEDC-11160380) Was the Disclosure Statement on Civil Cover Sheet completed -Yes (Attachments: # 1 Exhibit A- Summons and Complaint, # 2 Civil Cover Sheet) (Fleming, Douglas) Modified on 2/4/2019 (Rodin, Deanna). (Entered: 02/01/2019) |
| 02/04/2019 | 2 | ☐ | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Rodin, Deanna) (Entered: 02/04/2019) |
| 02/04/2019 | | | Case Assigned to Judge Denis R. Hurley and Magistrate Judge A. Kathleen Tomlinson. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible |

| | | | |
|---|---|---|---|
| | | | for providing courtesy copies to judges where their Individual Practices require such. (Rodin, Deanna) (Entered: 02/04/2019) |
| 02/04/2019 | 3 | ☐ | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences.** <span style="color:red">Do NOT return or file the consent <u>unless all parties have signed the consent.</u></span> (Rodin, Deanna) (Entered: 02/04/2019) |
| 02/05/2019 | 4 | ☐ | Letter MOTION for Extension of Time to File Answer *or Otherwise Respond to the Complaint* by Chemguard, Inc., Tyco Fire Products L.P.. (Fleming, Douglas) (Entered: 02/05/2019) |
| 02/06/2019 | | | ORDER granting DE 4 Motion for Extension of Time to Answer: Defendants Chemguard, Inc., Tyco Fire County LP, and 3M Company must answer by 5/9/2019. Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/6/2019. (Degennaro, Christopher) (Entered: 02/06/2019) |
| 02/06/2019 | 5 | ☐ | MOTION for Extension of Time to File Answer re 1 Notice of Removal, by E.I. Du Pont De Nemours and Company, The Chemours Company. (Vita, William) (Entered: 02/06/2019) |
| 02/11/2019 | 6 | ☐ | Letter *Requesting a Pre-Motion Conference and Expedited Briefing Schedule Regarding Town's Anticipated Motion to Remand This Action to New York State Supreme Court County of Suffolk* by Town of East Hampton (Rigano, Nicholas) (Entered: 02/11/2019) |
| 02/13/2019 | 7 | ☐ | NOTICE of Appearance by Lauren Rachel Turkel on behalf of Incorporated Village of East Hampton (aty to be noticed) (Turkel, Lauren) (Entered: 02/13/2019) |
| 02/20/2019 | 8 | ☐ | NOTICE of Appearance by Michael S. Gollub on behalf of Incorporated Village of East Hampton (aty to be noticed) (Gollub, Michael) (Entered: 02/20/2019) |
| 02/20/2019 | 9 | ☐ | Letter by Incorporated Village of East Hampton (Turkel, Lauren) (Entered: 02/20/2019) |
| 02/20/2019 | 10 | ☐ | Letter MOTION for Extension of Time to File Response/Reply *to Village of East Hampton's Cross-Claims* by Chemguard, Inc., Tyco Fire Products L.P.. (Fleming, Douglas) (Entered: 02/20/2019) |
| 02/21/2019 | 11 | ☐ | Letter *in Response to Town of East Hampton's Pre-Motion Letter Requesting Leave to File a Motion to Remand* by Chemguard, Inc., Tyco Fire Products L.P. (Fleming, Douglas) (Entered: 02/21/2019) |
| 02/21/2019 | 12 | ☐ | Notice of MOTION to Appear Pro Hac Vice *of Ellen Nunno Corbo, Esq.* Filing fee $ 150, receipt number ANYEDC-11220904. by Buckeye Fire |

| | | | |
|---|---|---|---|
| | | | Equipment Company. (Attachments: # 1 Affidavit of Ellen Nunno Corbo, Esq., # 2 Good Standing Certificates of Ellen Nunno Corbo, Esq., # 3 Proposed Order Granting Admission Pro Hac Vice) (Corbo, Ellen) (Entered: 02/21/2019) |
| 02/21/2019 | 13 | ☐ | ORDER granting 5 Motion for Extension of Time to Answer re 1 Notice of Removal. E.I. Du Pont De Nemours and Company answer due 5/7/2019; The Chemours Company answer due 5/7/2019. Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/21/2019. (Ryan, Mary) (Entered: 02/22/2019) |
| 02/21/2019 | 15 | ☐ | ORDER granting 10 Motion for Extension of Time to May 9, 2019 to File Response/Reply to Village of East Hampton's Cross-Claims by the "Moving Defendants". Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/21/2019. (Ryan, Mary) (Entered: 02/22/2019) |
| 02/22/2019 | | | ORDER deferring ruling on DE 12 Motion for Leave to Appear Pro Hac Vice. The Court is in receipt of the motion for leave to appear pro hac vice filed by Attorney Corbo. Before the Court can rule on this motion, the Court requires that the original certificate(s) of good standing be forwarded to Chambers for review. Counsel is therefore directed to mail the original certificate(s) to the attention of the Hon. A. Kathleen Tomlinson, 100 Federal Plaza, Central Islip, NY 11722. Once the Court has received the original certificate(s), it will rule on counsel's motion. Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/22/2019. (Degennaro, Christopher) (Entered: 02/22/2019) |
| 02/22/2019 | | | ORDER re 6 : The application is deferred until the issue of transfer has been resolved. *See, e.g., Aguilar v. Merck & Co.* 2005 WL 8159736, at *2 (E.D.N.Y. 2005); *Ivy v. Diamond Shamrock Chem. Co.*, 901 F.2d 7, 9 (2d Cir. 1990). Ordered by Judge Denis R. Hurley on 2/22/2019. (Gapinski, Michele) (Entered: 02/22/2019) |
| 02/22/2019 | 14 | ☐ | MOTION for Extension of Time to File Answer , *Move or Otherwise Respond to Summons and Complaint* by Buckeye Fire Equipment Company. (Corbo, Ellen) (Entered: 02/22/2019) |
| 02/22/2019 | | | ORDER granting DE 12 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure that the 150 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee* . Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/22/2019. (Degennaro, Christopher) (Entered: 02/22/2019) |
| 02/25/2019 | 16 | ☐ | NOTICE of Appearance by Ellen N. Corbo on behalf of Buckeye Fire Equipment Company (notification declined or already on case) (Corbo, Ellen) (Entered: 02/25/2019) |
| 02/25/2019 | 17 | ☐ | |

| | | | |
|---|---|---|---|
| | | | MOTION for Extension of Time to File Answer *to cross-claims* by E.I. Du Pont De Nemours and Company, The Chemours Company. (Vita, William) (Entered: 02/25/2019) |
| 02/26/2019 | 19 | ☐ | ORDER granting 17 Motion for Extension of Time to Answer to cross-claims. E.I. Du Pont De Nemours and Company answer due 5/9/2019; The Chemours Company answer due 5/9/2019. Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/26/2019. (Ryan, Mary) (Entered: 02/27/2019) |
| 02/26/2019 | 20 | ☐ | ORDER granting 14 Motion for Extension of Time to Answer Move or Otherwise Respond to Summons and Complaint. Buckeye Fire Equipment Company answer due 5/7/2019; National Foam Inc. answer due 5/7/2019. Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/26/2019. (Ryan, Mary) (Entered: 02/28/2019) |
| 02/27/2019 | 18 | ☐ | Letter *in Opposition to Village of East Hampton's Request to File a Dispositive Motion Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure* by Town of East Hampton (Rigano, Nicholas) (Entered: 02/27/2019) |
| 03/01/2019 | 21 | ☐ | Letter *in Response to Defendant Village of East Hampton's Pre-Motion Letter (Dkt. No. 9)* by Chemguard, Inc., Tyco Fire Products L.P. (Fleming, Douglas) (Entered: 03/01/2019) |
| 03/01/2019 | 22 | ☐ | NOTICE of Appearance by Timothy E. Corriston on behalf of Bridgehampton Volunteer Fire District (aty to be noticed) (Corriston, Timothy) (Entered: 03/01/2019) |
| 03/04/2019 | 23 | ☐ | MOTION for Extension of Time to File Answer *, Move or Otherwise Respond to Summons & Complaint* by Bridgehampton Volunteer Fire District. (Corriston, Timothy) (Entered: 03/04/2019) |
| 03/08/2019 | 24 | ☐ | ORDER granting 23 Motion for Extension of Time to Answer, Move or Otherwise Respond to Summons & Complaint. Bridgehampton Volunteer Fire District answer due 5/9/2019. Ordered by Magistrate Judge A. Kathleen Tomlinson on 3/8/2019. (Ryan, Mary) (Entered: 03/08/2019) |
| 03/18/2019 | 25 | ☐ | SUMMONS Returned Executed by Town of East Hampton. Angus International Safety Group, Ltd. served on 1/21/2019. (Rigano, Nicholas) (Entered: 03/18/2019) |
| 04/11/2019 | 26 | ☐ | NOTICE of Hearing Session before the United Sates Judicial Panel on Multidistrict Litigation. Date of hearing session: May 30, 2019. Location of hearing session: Hale Boggs Federal Building, United States Courthouse, Ceremonial Courtroom C-501, 5th Floor, 500 Poydras Street, New Orleans, Louisiana 70130. (Florio, Lisa) (Entered: 04/11/2019) |
| 05/03/2019 | 27 | ☐ | Joint MOTION for Extension of Time to File Answer *, Move, or Otherwise Respond to the Towns Summons and Complaint and/or to the Village's Cross-claims* by Chemguard, Inc., Tyco Fire Products L.P.. (Fleming, Douglas) (Entered: 05/03/2019) |
| 05/06/2019 | 28 | ☐ | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 27 Motion for Extension of Time to Answer, Move, or Otherwise Respond to the Towns Summons and Complaint and/or to the Village's Cross-claims. Time extended to and including the 30th day after a decision is made by the JPML related to transfer of this matter to the pending AFFF MDL. Ordered by Magistrate Judge A. Kathleen Tomlinson on 5/6/2019. (Ryan, Mary) (Entered: 05/06/2019) |
| 05/07/2019 | | | ORDER re [9, 21] : The application is being held in abeyance pending a decision by the JPML related to transfer of this matter to the pending AFFF MDL. Ordered by Judge Denis R. Hurley on 5/7/2019. (Gapinski, Michele) (Entered: 05/07/2019) |
| 06/05/2019 | 29 | ☐ | JPMDL Conditional Transfer Order IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION MDL No. 2873. IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings. **This Order does not become effective until it is filed int he Office of the Clerk of the United States district Court for the District of South Carolina.** (Ortiz, Grisel) (Entered: 06/05/2019) |
| 06/06/2019 | 30 | ☐ | **CERTIFIED** JPMDL Conditional Transfer Order: IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION MDL No. 2873. IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings. (Ortiz, Grisel) (Entered: 06/06/2019) |
| 06/06/2019 | | | Case electronically transferred to District of South Carolina. Original file, certified copy of transfer order, and docket sheet sent. **ALL FILINGS ARE TO BE MADE IN THE TRANSFER COURT, DO NOT DOCKET TO THIS CASE.** (Ortiz, Grisel) (Entered: 06/06/2019) |

[ View Selected ]

or

[ Download Selected ]

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/06/2019 15:03:06 | | |
| **PACER Login:** | wc0010 | **Client Code:** | 47429.0016 |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-00642-DRH-AKT |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT 3

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2873

## TRANSFER ORDER

     **Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of South Carolina for inclusion in MDL No. 2873. Defendants 3M Company, Tyco Fire Products, LP, Chemguard, Inc., Buckeye Fire Equipment Company, and National Foam, Inc., oppose all three motions, while defendants United Technologies Corporation and Kidde PLC, Inc., oppose the Town of East Hampton's motion.

     Plaintiffs in the two actions pending in the District of New Mexico argue that transfer of their "business interruption" claims is inappropriate because no such claims are being litigated in the MDL. But, like the cases transferred to MDL No. 2873, the New Mexico actions involve allegations that the groundwater on plaintiffs' property has been contaminated with perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) that was contained in aqueous film-forming foams (AFFFs) used at a nearby Air Force base. Plaintiffs assert many of the same product liability claims against the same manufacturer defendants as the majority of actions pending in the MDL. That plaintiffs assert a unique theory of liability does not weigh against transfer. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) ("[T]he presence of additional or differing legal theories is not significant when the actions still arise from a common factual core.").

     The New Mexico plaintiffs also complain that transfer will severely prejudice them, as their dairy farm operations are at risk of failing. Their contention that transfer to the MDL will significantly delay their actions is conclusory at best. Both the New Mexico actions and the actions in the MDL are at the beginning stages of litigation, and transfer at this point is unlikely to cause substantial delay. Nor will transfer significantly burden plaintiffs, as their counsel has been appointed co-lead counsel for plaintiffs in the MDL (*i.e.*, plaintiffs' counsel will be litigating in the District of South Carolina anyway). In any event, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). To the extent plaintiffs seek "unique or time-sensitive relief pertaining to [their] water supplies, [they] can and should raise such

---

     [*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

-2-

concerns with the transferee court." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1395-96 (J.P.M.L. 2018).

Plaintiff in the Eastern District of New York action (the Town of East Hampton) argues that transfer of that action is inappropriate because unique issues relating to the contamination in the Town will predominate over common questions of fact with the actions pending in the MDL. In particular, the Town argues that it alleges multiple sources of contamination, only some of which stem from the use of AFFFs by a local firefighting company.[1] Plaintiff suggests that our initial centralization order limited this MDL to cases alleging only contamination from AFFFs, but our order merely excluded from the MDL actions that did not contain *any* allegations relating to AFFFs. *See id.* at 1392. That the Town alleges *additional* sources of contamination is no obstacle to transfer. The Town's action shares numerous factual questions regarding AFFFs and PFOA/PFOS contamination in common with the actions in the MDL.[2] Indeed, the Town's allegations are intertwined with those of several actions pending in the MDL, which also allege contamination of Long Island's aquifer. In one of these actions, *Shipman v. 3M Company*, C.A. No. 2:18-03340 (D.S.C.), the Town itself is a named defendant. In the action now before us, the Town seeks contribution and indemnification for any liability assessed it in *Shipman*.

Plaintiff also argues that the government contractor defense should not be at issue in the New York action. This does not weigh against centralization. Multiple contamination sites already at issue in the MDL involve non-military firefighting or industrial facilities, and also may not involve this defense. Transfer under Section 1407 does not require a complete identity of factual and legal issues when the actions, as they do here, arise from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d at 1360.

Additionally, plaintiff insists that federal subject matter jurisdiction over its action is lacking and that its anticipated remand motion should be decided by the transferor court. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] To the extent plaintiff argues that site-specific contamination issues outweigh the common factual questions being litigated in MDL No. 2873, we rejected this argument when we centralized this litigation. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394 ("The efficiencies to be gained through centralized treatment of common factual questions in such a large litigation are considerable.").

[2] The Town also contends that the MDL is limited to "MilSpec AFFF"—*i.e.*, AFFF products manufactured in compliance with a common military specification. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1395 n.9 (noting that, because AFFF products allegedly were manufactured in compliance with Mil-F-24385F, it is unlikely that differences between various manufacturers' products will "significantly complicate the pretrial management" of the MDL). The Town reads too much into this footnote. The Panel did not limit this litigation to particular types of AFFF products.

-3-

Plaintiff can present its remand arguments to the transferee judge. Perhaps anticipating this outcome, plaintiff alternatively requests that we direct the transferee court to prioritize consideration of its remand motion. We deny this alternative request because such case management decisions are best addressed by the transferee court.

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the toxicity of PFOA and PFOS and the effects of these substances on human health; these substances' chemical properties and propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Lewis A. Kaplan         R. David Proctor
Catherine D. Perry      Karen K. Caldwell
Nathaniel M. Gorton

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                          MDL No. 2873

## SCHEDULE A

<u>District of New Mexico</u>

SCHAAP, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:19−00105
TEUNE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:19−00162

<u>Eastern District of New York</u>

TOWN OF EAST HAMPTON v. 3M COMPANY, ET AL., C.A. No. 2:19−00642