2:18-mn-02873-RMG   Date Filed 08/05/19   Entry Number 176   Page 1 of 4
Case 2:19-cv-09651-JMV-JAD   Document 38   Filed 08/08/19   Page 1 of 4 PageID: 349
Case MDL No. 2873   Document 483   Filed 07/31/19   Page 1 of 4

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                              MDL No. 2873

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of South Carolina for inclusion in MDL No. 2873. Defendant United States of America opposes the motion in the District of Colorado *Security Water District* action, while defendants 3M Company, Tyco Fire Products, LP, Chemguard, Inc., Buckeye Fire Equipment Company, and National Foam, Inc., oppose the motion in the District of New Jersey *Ridgewood Water* action.

Plaintiffs in *Security Water District* argue that transfer is inappropriate because they assert claims against the United States related to the alleged contamination of groundwater near Peterson Air Force Base. Even so, *Security Water District* shares common factual questions with the actions pending in MDL No. 2873. Like those actions, plaintiffs in *Security Water District* allege that the groundwater near Peterson Air Force Base was contaminated through the use of aqueous film-foaming foams (AFFFs). Several actions involving claims against the United States relating to the use of AFFFs at Air Force bases have been transferred to or filed in the MDL. These actions will involve the same or similar discovery relating to the military's use of AFFFs, as well as the same asserted defense that the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), protects the United States from liability to plaintiffs. Additionally, there are more than forty actions against the AFFF manufacturers pending in the MDL that allege that the Air Force's use of AFFFs at Peterson Air Force Base contaminated nearby water supplies. *Security Water District* is likely to share common factual questions and discovery with these actions as well. Centralization will allow coordinated discovery among all these actions to proceed in a streamlined and efficient manner.[1]

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] Plaintiffs in *Security Water District* dispute that discovery in their action will be complex because the Air Force and the Army Corps of Engineers have conducted a lengthy investigation of groundwater contamination at Peterson Air Force Base. This argument is unconvincing. While the government's investigation may be well underway, discovery relating to this contamination in *Security Water District* has yet to begin. Thus, there is ample scope to secure efficiencies and eliminate duplication of discovery, particularly with respect to the numerous other actions in the MDL involving groundwater contamination at Peterson Air Force Base.

Case 2:18-mn-02873-RMG   Date Filed 08/05/19   Entry Number 176   Page 2 of 4
Case 2:19-cv-09651-JMV-JAD   Document 33-3   Filed 08/06/19   Page 2 of 4 PageID: 350
Case MDL No. 2873   Document 483   Filed 07/31/19   Page 2 of 4

-2-

Plaintiff in *Ridgewood Water* argues that federal subject matter jurisdiction over its action is lacking and that its pending motion for remand to state court should be decided by the transferor court. The Panel has held that such jurisdictional issues generally do not present an impediment to transfer.[2] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff can present its remand arguments to the transferee judge.

Plaintiff in *Ridgewood Water* also argues that transfer is inappropriate because unique issues relating to the contamination of its water supplies will predominate over common questions of fact with the actions pending in the MDL. In particular, plaintiff argues that it alleges multiple sources of contamination, only some of which stem from the use of AFFFs. This argument is unpersuasive. Plaintiff alleges that AFFF used by the Ridgewood Fire Department is a source of the perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) contamination. That plaintiff alleges additional sources of contamination does not convert *Ridgewood Water* into a "non-AFFF" case of the type we excluded from the MDL in the initial centralization order. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1392 (J.P.M.L. 2018). *Ridgewood Water* shares numerous factual questions regarding AFFFs and PFOS/PFOA contamination with the actions in the MDL.[3] Moreover, plaintiff asserts many of the same product liability claims against the same manufacturer defendants as the majority of actions pending in the MDL.

Plaintiff emphasizes that the government contractor defense is not at issue in *Ridgewood Water*. This does not weigh against centralization. Multiple contamination sites already at issue in the MDL involve non-military firefighting or industrial facilities, and likewise may not involve the government contractor defense. Transfer under Section 1407 does not require a complete identity of factual and legal issues when the actions, as they do here, arise from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008).

Finally, plaintiff in *Ridgewood Water* contends that transfer will unnecessarily delay the prosecution of its claims. We reject this argument. *Ridgewood Water* was only recently filed, and discovery in the MDL has only just begun. Plaintiff will benefit from coordination with other water providers asserting similar claims against the AFFF manufacturers. In any event, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even

---

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[3] That plaintiff excludes "MilSpec AFFF"—*i.e.*, AFFF products manufactured in compliance with a common military specification—from its complaint is of no moment. As we stated in rejecting a similar argument by the Town of East Hampton, New York, the Panel did not limit this litigation to particular types of AFFF products. *See* Transfer Order at 2 n.2, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Jun. 5, 2019), ECF No. 446.

2:18-mn-02873-RMG     Date Filed 08/05/19     Entry Number 176     Page 3 of 4
Case 2:19-cv-09651-JMV-JAD   Document 32   Filed 08/06/19   Page 3 of 4 PageID: 351
Case MDL No. 2873   Document 483   Filed 07/31/19   Page 3 of 4

-3-

if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). To the extent plaintiff seeks "unique or time-sensitive relief pertaining to its water supplies, [it] can and should raise such concerns with the transferee court." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1395-96.

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOS and/or PFOA into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the toxicity of PFOA and PFOS and the effects of these substances on human health; these substances' chemical properties and propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products. *See id.* at 1394. *Security Water District* and *Ridgewood Water* will involve similar factual questions.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Lewis A. Kaplan            R. David Proctor
Catherine D. Perry         Karen K. Caldwell
Nathaniel M. Gorton



A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

2:18-mn-02873-RMG     Date Filed 08/05/19     Entry Number 176     Page 4 of 4
Case 2:19-cv-09651-JMV-JAD   Document 32-3   Filed 08/06/19   Page 4 of 4 PageID: 352
Case MDL No. 2873   Document 483   Filed 07/31/19   Page 4 of 4

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                           MDL No. 2873

## SCHEDULE A

<u>District of Colorado</u>

SECURITY WATER DISTRICT, ET AL. v. UNITED STATES OF AMERICA,
   C.A. No. 1:19‒00649

<u>District of New Jersey</u>

RIDGEWOOD WATER v. 3M COMPANY, ET AL., C.A. No. 2:19‒09651